**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **DANIEL HERNANDEZ,** *Plaintiff,* | § § § | |
| | § | **3:19-CV-00346-DCG-RFC** |
| **vs.** | § § | |
| **DS SERVICES OF AMERICA, INC.,** *Defendant.* | § § § | |

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Before the Court is Defendant DS Services of America's "Motion to Strike Plaintiff/Counter-Defendant's Purported Affirmative Defense in ¶38" (ECF No. 19), filed on June 12, 2020, in the above-captioned cause. For the following reasons, the Court recommends that Defendant's Motion be **GRANTED**.

**I.   BACKGROUND**

On May 4, 2020, Defendant filed its First Amended Answer and Counterclaim, in which it raised counterclaims of conversion and theft against Plaintiff. (ECF No. 15:21-23.) On May 22, 2020, Plaintiff filed his Answer to Defendant's Counterclaim. (ECF No. 18.) On June 12, 2020, Defendant filed its Motion to Strike. (ECF No. 19.) Plaintiff filed his Response on June 19, 2020 (ECF No. 20), and briefing concluded after Defendant filed its Reply on June 26, 2020. (ECF No. 21.)

**II.   LEGAL STANDARD**

A party may move under Federal Rule of Civil Procedure 12(f) to strike "from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). A motion to strike under Rule 12(f) "is a drastic remedy to be resorted to only when required for the purposes of justice." *Augustus v. Bd. of Pub. Instruction of Escambia Cnty., Fla.*,

1

306 F.2d 862, 868 (5th Cir. 1962) (internal quotation marks omitted; quoting from *Brown v. Williamson Tobacco Corp. v. United States*, 20 F.2d 819, 822 (6th Cir. 1953)).  "Although motions to strike a defense are generally disfavored, a Rule 12(f) motion to dismiss a defense is proper when the defense is insufficient as a matter of law."  *Kaiser Aluminum & Chem. Sales, Inc. V. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982).

Striking portions of a pleading under Rule 12(f) "can be appropriate when they have no possible relation to the controversy and may cause prejudice to one of the parties."  *Am. S. Ins. Co. v. Buckley*, 748 F. Supp. 2d 610, 626 (E.D. Tex. 2010); *see also Abene v. Jaybar, LLC*, 802 F. Supp. 2d 716, 723 (E.D. La. 2011).  "A defendant must 'plead an affirmative defense with enough specificity or factual particularity to give the plaintiff "fair notice" of the defense that is being advanced.'"  *Rogers v. McDorman*, 521 F.3d 381, 385 (5th Cir. 2008) (quoting *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999)).  "The 'fair notice' requirement is met if the defendant sufficiently articulated the defense so that the plaintiff was not a victim of unfair surprise."  *Woodfield*, 193 F.3d at 362 (citation and internal quotation marks omitted).  "[M]erely pleading the name of the affirmative defense" may be enough in some cases.  *Id.*

**III.   DISCUSSION**

In this case, Defendant seeks to strike the affirmative defense in paragraph 38 of Plaintiff's Answer (ECF No. 18:5) to Defendant's counterclaims of conversion and theft (ECF No. 15:21-23).  Paragraph 38 of Plaintiff's Answer, under the subheading "Affirmative Defenses," reads: "Defendant's own acts or omissions caused or contributed to Defendant's alleged injuries."  (ECF No. 18:5.)

The Court begins its analysis by noting the parties' differing characterizations of the affirmative defense at issue.  In its Motion to Strike, Defendant characterizes the defense as "a

contributory negligence defense[.]"  (ECF No. 19:5.)  In his Response, Plaintiff characterizes the defense as one of "proportionate responsibility" which, he argues, "applies to any cause of action based in tort."  (ECF No. 20:4.)

In support of his argument that proportionate responsibility is an affirmative defense to any tort claim, Plaintiff cites Texas's proportionate responsibility law. Tex. Civ. Prac. & Rem. Code §§ 33.001 et seq.  The proportionate responsibility law abolished the common law affirmative defenses of assumption of risk and contributory negligence in Texas.  *See Del Lago Partners, Inc. v. Smith*, 307 S.W.3d 762, 772 (Tex. 2010) ("We abandoned the assumption-of-the-risk doctrine as a complete defense to tort liability thirty-five years ago . . . the Legislature's adoption of comparative negligence evidenced its clear intention to apportion negligence rather than completely bar recovery.") (internal quotation marks omitted)).  In commenting on the change enacted by the proportionate responsibility statute, the Supreme Court of Texas has noted:

> The same facts that tended to prove assumption of the risk or contributory negligence may now be used to diminish a plaintiff's recovery by demonstrating that the plaintiff bore some portion of the responsibility for his own injuries, or even to preclude the plaintiff from recovering at all by demonstrating that the plaintiff bore more than 50% of the responsibility for his own injuries.  [Citation to Tex. Civ. Prac. & Rem. Code §§ 33.001, .003.]  In other words, although these are *no longer affirmative defenses that act as an absolute bar to recovery, they remain defensive issues* on which defendants, not plaintiffs, bear the burden of proof.

*Austin v. Kroger Texas*, 465 S.W.3d 193, 210 (Tex. 2015).

As *Austin v. Kroger* makes clear, contributory negligence no longer exists as an affirmative defense under Texas state law.  Proportionate responsibility, which replaced it, is not an affirmative defense, but rather a general defense.

Both of Defendant's counterclaims (theft and conversion) arise under Texas state law.  Therefore, the affirmative defense of contributory negligence is not available to Plaintiff because it no longer exists under Texas law.  *Del Lago Partners*, 307 S.W.3d at 772.  Nor can Plaintiff

raise proportionate responsibility as an affirmative defense, as under Texas law that is a general, not an affirmative, defense. *Austin*, 465 S.W.3d at 210. As the purported affirmative defense Plaintiff raised in paragraph 38 of his Answer is insufficient as a matter of law, the Court recommends that it be stricken.

**IV.   CONCLUSION**

It is the **RECOMMENDATION** of this Court that Defendant's Motion to Strike paragraph 38 of Plaintiff's Answer to Defendant's Counterclaim be **GRANTED**.

**SIGNED** this 16th day of July, 2020.

_____
ROBERT F. CASTANEDA
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THE FOREGOING REPORT, WITHIN FOURTEEN DAYS OF SERVICE OF SAME, MAY BAR DE NOVO DETERMINATION BY THE DISTRICT JUDGE OF AN ISSUE COVERED HEREIN AND SHALL BAR APPELLATE REVIEW, EXCEPT UPON GROUNDS OF PLAIN ERROR, OF ANY UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS AS MAY BE ACCEPTED OR ADOPTED BY THE DISTRICT COURT.**